448 A.2d 1106

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Donna MORIO, Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1982.

Filed July 30, 1982.

408

Lawrence D. MacDonald, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge.

Appellant, Donna Morio, pleaded guilty on June 22, 1981 to the charges of simple assault,[1] escape,[2] and criminal conspiracy.[3] Appellant was sentenced on July 27, 1981 to imprisonment at the State Institutional Home for Women at Muncy for not less than three and one-half years nor more than seven years on the escape conviction. Appellant was sentenced on the simple assault conviction to a consecutive sentence of two years probation. Additionally, she was ordered to pay restitution to the victim of the assault for injuries sustained. On August 5, 1981, a petition to modify

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 2701.

2. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 5121(a).

3. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 903(a)(1).

sentence was denied by the trial court. This appeal followed.

On February 20, 1981, appellant, along with two other females, assaulted a matron at the Luzerne County Women's Detention Center. She was being detained there for return to the Gannondale School for Girls in Erie to which she had been previously committed by the Luzerne County Juvenile Court. She had escaped from the Gannondale School about one month prior to this incident.

The circumstances of the assault were that appellant wrapped a sweater around the matron's neck, and attempted to choke her. She urged the co-conspirators to kill the matron as they beat her about the face. Appellant took the matron's keys and escaped from the facility. On April 9, 1981, appellant was certified as an adult on these charges.

Appellant raises two questions on appeal: (1) was the imposition of the maximum term of imprisonment, by the trial court, on the escape conviction, manifestly excessive because it inflicted a severe punishment upon appellant; and, (2) was it proper for the trial court to sentence appellant to the State Institutional Home for Women when she was less than sixteen years of age at the time she pleaded guilty.

Initially we note the standard of review of the trial court's sentencing power as set forth in *Commonwealth v. Doyle,* 275 Pa.Super.Ct. 373, 380, 418 A.2d 1336 (1979):

Imposition of a proper sentence is a matter vested in the sound discretion of the trial court whose determination is to be respected unless it constitutes a manifest abuse of discretion (citations omitted) . . . In imposing sentence the court "must not overlook pertinent facts, disregard the force of the evidence, commit an error of law . . . or inflict punishment exceeding that prescribed by statute (citations omitted) . . . The court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence that is the minimum sentence consistent with the protection of the public, the

gravity of the offense, and the rehabilitative needs of the defendant (citations omitted).

Furthermore, a trial judge may use prior juvenile adjudications in assessing the type and amount of sentence to be imposed:

To help the judge individualize the sentence according to the circumstances of the case the court may and, in some instances, must order a presentence investigation report. Pa.R.Crim.P. 1403. Such reports may indicate whether the defendant has previously been adjudicated delinquent. Indeed, although the use of juvenile adjudications is generally prohibited, the legislature has expressly authorized their use, inter alia, "in dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report." 42 Pa.C.S.A. 6345(b) . . . Finally we note that our Supreme Court has held that prior juvenile adjudications of delinquency may be considered in imposing sentence since such information is helpful to the sentencing court in imposing sentences which are fair to society and the defendant. *Commonwealth v. Allen*, 287 Pa.Super.Ct. 88, 97–98, 429 A.2d 1113, 1117 (1981).

Appellant argues that the sentence imposed on the escape conviction was manifestly excessive.

■ The crime of escape is a felony of the third degree for which the trial court may impose a term of imprisonment of not more than seven years.[4]

■ It was proper for the trial court to order a presentence investigation report on appellant's juvenile history in order to consider the background and character of appellant. Though appellant was six months pregnant at the time of sentencing, the trial court cited many reasons for the total confinement of appellant at Muncy. She was a constant runaway problem, and she had been institutionalized previously at various facilities in the juvenile system from which she had always escaped.

4. Act of 1972, Dec. 6, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 1103(3).

■ The trial court found that appellant had an aggressive and an assaultive nature, and, more importantly, her threats to kill during this attack were of great concern to the court. This assault was the second time she had choked a matron at an institution to which she had been committed. She had previously threatened, with a knife, the lives of her mother and brother. The trial court believed that appellant showed a capacity to commit murder because of her temper and overall poor attitude.

As a juvenile, many efforts had been made to assist and rehabilitate appellant, but they were not successful. The trial court was convinced that if only probation were imposed, it would be useless. At sentencing, the court concluded, not only that appellant had a great need for rehabilitation, but, under all the circumstances, a lesser sentence would depreciate the seriousness of the crime. The trial court imposed the confinement of appellant for the protection of others, the gravity of the offense, and appellant's conduct toward the victim.

We do not find that the sentence imposed amounted[5] to an abuse of discretion by the trial court, nor do we find the sentence manifestly excessive.

In regard to appellant's second contention, that it was improper for the trial court to sentence appellant to the State Institutional Home for Women when she was less than sixteen years of age at the time she pleaded guilty, 61 P.S. 566 provides:

> Any court of record in this Commonwealth, exercising criminal jurisdiction, may, in its discretion, sentence to the State Institutional Home for Women any female over sixteen years of age, upon conviction for, or upon pleading guilty of, the commission of any criminal offense punishable under the laws of this State.

Appellant was born on July 20, 1965. When she pleaded guilty, she was fifteen years and eleven months old. At sentencing, on July 27, 1981, she was sixteen years and one week old.

---

**5.** Act of 1972, Dec. 6, P.L. 1339, No. 290, § 3; 1 Pa.C.S.A. § 1928.

Although the wording of penal statutes is to be strictly construed,[5] it is clear from reading the statute that the phrase "any female over sixteen years of age" immediately follows and is within the same clause as "sentence to the State Institutional Home for Women". These phrases are meant to be read as one within the same clause. It is therefore clear that the age at sentencing is the crucial time period in this statute. Appellant's interpretation is that the phrase "any female over sixteen years of age" is contained within the phrase "upon conviction for, or upon pleading guilty of, the commission of any criminal offense punishable under the laws of this State." Appellant's interpretation of the phrases, contained in 566, is not a correct interpretation especially in light of the punctuation marks, i.e. commas, among the phrases in the statute. We can only interpret the statute to mean that once appellant attained sixteen years of age, at the time of sentencing, she could be properly incarcerated in the State Institutional Home for Women. We find that the trial court did not err in this same conclusion.

Judgment of sentence affirmed.