J-S48041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                                  :             PENNSYLVANIA
                                                                  :
                     v.                                 :
                                                                  :
                                                                  :
ANDREW RICHARDSON                          :
                                                                  :
                Appellant                            :   No. 2864 EDA 2023

Appeal from the Order Entered October 5, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005490-2014

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 6, 2025**

Andrew Richardson (Appellant) appeals *pro se* from the order denying his timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9451-9546.  Appellant maintains that the Commonwealth violated his right to due process and that trial counsel was ineffective in multiple instances. After careful review, we affirm.

Appellant's charges stem from his sexual assault of his former girlfriend's eleven-year-old sister.  While the incident in question occurred in the summer of 2009, Appellant was not arrested on these charges until April 1, 2014.  Appellant was initially charged with ten crimes.  Ultimately, he stood convicted of three:  involuntary deviate sexual intercourse with a child (IDSI) (18 Pa.C.S. § 3123(b)), unlawful contact with a minor (18 Pa.C.S. § 6318(a)(1)), and corruption of minors (18 Pa.C.S. § 6301(a)(1)).  The trial court then sentenced Appellant to an aggregate term of 12½ to 25 years'

incarceration, followed by 10 years' probation. Appellant filed a direct appeal to this Court, where Appellant's counsel sought to withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Upon review, this Court found errors in Appellant's sentence. Accordingly, we denied counsel's petition to withdraw, remanded the case for appointment of new appellate counsel who was directed to file a Pa.R.A.P. 1925(b) statement on Appellant's behalf, and retained jurisdiction. *Commonwealth v. Richardson*, 216 A.3d 357 (table), 2707 EDA 2017 (Pa. Super. filed Apr. 8, 2019) (unpublished memorandum).

New counsel was appointed, who argued that the trial court erred in sentencing Appellant on a charge (count four of the information) for which he had not been convicted.[1] After remand, the trial court asserted that it had always intended to impose the sentence of 10 years of probation on count one, and called the mistake in the sentencing order a "clerical error." *See Commonwealth v. Richardson*, 225 A.3d 1136 (table), 2707 EDA 2017 (Pa. Super. filed Dec. 6, 2019) (unpublished memorandum). Nonetheless, the trial court did not correct the error. Thus, we vacated Appellant's judgment of sentence and remanded for resentencing. *Id.*

---

[1] Appellant had been charged under two sections of the IDSI statute – count one was a violation of 18 Pa.C.S. § 3123(a)(1), and count four accused Appellant of violating 18 Pa.C.S. § 3123(a)(7). The Commonwealth *nolle prossed* count four before trial. Count one was amended to allege a violation of section 3123(b).

Following this second remand, the trial court conducted a new sentencing hearing and reimposed the same aggregate sentence of 12½ to 25 years' incarceration followed by 10 years' probation. Sentencing Order, 3/5/20. Although Appellant did not file a timely direct appeal from this new sentence, his appellate rights were reinstated via the PCRA. Counsel was again appointed, and filed a statement of errors pursuant to Pa.R.A.P. 1925(c)(4), stating that he found no non-frivolous issues to raise on Appellant's behalf. Thereafter, counsel filed another **Anders** brief to this Court.[2]

In Appellant's *pro se* response to counsel's **Anders** brief, he noted that the prison had recalculated his maximum sentence date after resentencing and increased it by four years, despite the sentencing order imposing the same aggregate sentence. After review, this Court found that the new sentencing order did not award Appellant credit for time served, despite the trial court's indication on the record that Appellant was entitled to such credit. We also noted that the sentencing transcripts mentioned Appellant's incarceration for an unrelated robbery conviction, which could have impacted his sentence in this case. Due to these issues, we remanded this case for another sentencing hearing. **Commonwealth v. Richardson**, 276 A.3d 236 (table), 1819 EDA 2020 (Pa. Super. filed Mar. 14, 2022) (unpublished

---

[2] Initially, the letter to his client that defense counsel appended to the **Anders** brief was deemed insufficient, and this Court directed defense counsel to correct his error. Defense counsel complied with this directive.

memorandum). Appellant was resentenced on August 2, 2022, to the same aggregate sentence of 12½ to 25 years of incarceration followed by 10 years of probation.

On January 4, 2023, Appellant, *pro se*, filed the instant, timely, PCRA petition. Counsel was appointed and filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), along with a petition to withdraw. The PCRA Court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, and Appellant responded to counsel's **Turner/Finley** letter. Thereafter, the court denied Appellant's PCRA petition and granted counsel's request to withdraw. Order, 10/5/23.

Appellant then timely filed the instant, *pro se* appeal. The PCRA court ordered Appellant to file a statement of errors pursuant to Pa.R.A.P. 1925(b) on November 16, 2023. Appellant complied, but, as the post-conviction judge had retired before authoring a Rule 1925(a) opinion, the record was forwarded to this Court without a PCRA court opinion.

Appellant raises the following issues in his *pro se* brief:

1) Did the [PCRA] court err in dismissing [Appellant's] PCRA petition when counsel refuse[d] to amend his petition and present it in a legal and professional manner[?]

2) Was trial counsel ineffective by not presenting evidence that would have proved [Appellant's] innocence and impeached key prosecution witnesses[?]

3) Was trial counsel ineffective for not contacting, interviewing, and preparing witnesses for [Appellant's] defense at trial

and was [Appellant] prejudiced because of counsel's error[?]

4) Did [the] prosecution violate [Appellant's] due process rights by not correcting perjured testimony by [a] key witness[?]

5) [Were Appellant's] due process [rights] violated when [the] prosecution withheld impeachment evidence from the defense and was [Appellant] prejudiced by the prosecution's error[?]

6) Did the prosecution violate [Appellant's] due process [rights] by not obtaining all the data from [Appellant's] cell phone and presenting it to the courts[,] and was [Appellant] prejudiced by the prosecution['s] not obtaining the full conversation between [Appellant's former girlfriend] and [Appellant?]

7) Did trial counsel and the prosecution violate [Appellant's] right to a fair trial by the many errors from both sides and was [Appellant] prejudiced by the many errors[?]

Brief for Appellant at 3-4.

Preliminarily, we note that when reviewing the denial of a PCRA petition, our standard of review

is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (internal citations omitted).

Notably, the argument section of Appellant's *pro se* brief does not correspond to the list of issues quoted above, and the assertions made in Appellant's brief frequently lack proper legal argument or citation to pertinent

authorities. The brief for Appellant thus violates Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part – in distinct type or in type distinctively displayed – the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). These deficiencies could constitute waiver of Appellant's issues before this Court.

Although this Court will liberally construe materials filed by a *pro se* litigant, an appellant is not entitled to any particular advantage due to his lack of legal training. ***Commonwealth v. Wheeler***, 314 A.3d 1286, 1288 n.7 (Pa. Super. 2024). A *pro se* litigant must, to some extent, assume the risk that their lack of expertise and legal training will prove their undoing. ***Id.*** Herein, because we can discern Appellant's arguments and are able to conduct a meaningful review of his issues, we will review the issues Appellant raises in the argument section of his brief as we understand them.

Appellant claims that PCRA counsel erred by filing a ***Turner/Finley*** letter rather than amending his *pro se* PCRA petition, and points to various other purported errors in counsel's filing. In evaluating the substance of Appellant's claims, it appears that he believes that PCRA counsel should have amended his petition to argue that trial counsel was ineffective. Specifically, the first three issues in his brief allege that trial counsel was ineffective for failing to call certain witnesses at trial whose testimony, Appellant argues, would have resulted in a different verdict. We thus address these claims together.

With respect to his proposed witnesses, Appellant discusses a voicemail his brother allegedly left on trial counsel's phone, and appends affidavits from his mother and his niece to his brief; he claims that these witnesses were ready and willing to testify on his behalf at trial yet were not contacted by defense counsel. Critically, Appellant never explains what testimony these witnesses would have provided. As none of these witnesses were present when the acts at issue in this case occurred, we infer that these witnesses would have provided testimony about Appellant's character.

In evaluating any claim encompassing an allegation of ineffective assistance of counsel, the following standards apply:

> A PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the **Strickland** [**v. Washington**, 466 U.S. 688 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result.

**Commonwealth v. Spotz**, 84 A.3d 294, 311-12 (Pa. 2014) (most internal citations omitted). If an appellant fails to satisfy any prong of the ineffectiveness standard, the claim will fail. **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa. Super. 2009). Moreover, the requirement to demonstrate "actual prejudice" to prove a claim of ineffective assistance of

counsel under the PCRA means that petitioners must establish a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021) (citation omitted).

To establish whether defense counsel was ineffective for failing to call witnesses, Appellant must prove that (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense, and (5) the absence of the testimony of the witness was so prejudicial as to have denied Appellant a fair trial. ***Commonwealth v. Alceus***, 315 A.3d 853, 860 (Pa. Super. 2024). Counsel may be deemed ineffective for failing to call character witnesses. ***Id.***

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. Such evidence must relate to a period at or about the time the offense was committed and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

***Id.*** (citation omitted); ***see also*** Pa.R.E. 405(a) (stating that admissible character evidence may be proven with testimony regarding the person's reputation in the community, but not by the witness's individual opinion about the person's character or character trait). Once introduced at trial, the Commonwealth may cross-examine character witnesses about relevant, specific instances of the defendant's conduct that are probative of the

character trait in question. Pa.R.E. 405(a)(1). The Commonwealth may not, however, inquire into allegations of other criminal conduct by the defendant that did not result in conviction. Pa.R.E. 405(a)(2). "While character witnesses may not be impeached with specific acts of misconduct, a character witness may be cross-examined regarding his or her knowledge of particular acts of misconduct to test the accuracy of the testimony." *Commonwealth v. Treiber*, 121 A.3d 435, 464 (Pa. 2015) (internal citation and quotation marks omitted).

With respect to character testimony, a criminal defendant may offer evidence of a pertinent character trait as substantive evidence that the defendant did not commit a charged crime. *See* Pa.R.E. 404(a)(2)(A). "Evidence of good character is substantive, not mere makeweight evidence, and may, in and of itself, create a reasonable doubt of guilt and, thus, require a verdict of not guilty[.]" *Commonwealth v. Hull*, 982 A.2d 1020, 1025-26 (Pa. Super. 2009) (quoting *Commonwealth v. Weiss*, 606 A.2d 439, 442 (Pa. 1992)). When character evidence is offered, the jury must be instructed that evidence of the defendant's good character alone may create a reasonable doubt as to his or her guilt, resulting in acquittal. *Commonwealth v. Neely*, 561 A.2d 1, 3 (Pa. 1989). However, "[t]he failure to call character witnesses does not constitute *per se* ineffectiveness." *Treiber*, 121 A.3d at 498.

In the case at bar, Appellant has failed to establish trial counsel's ineffectiveness for not calling these character witnesses. First, as noted

above, while Appellant identified three witnesses that he believed should have been called to testify on his behalf, he never explained what testimony these witnesses would have provided, utterly failing to demonstrate how testimony from these witnesses would have impacted the verdict in his case. Thus, Appellant cannot demonstrate that the absence of testimony from these witnesses was so prejudicial that he was deprived of a fair trial. Accordingly, Appellant fails to prove that he was prejudiced by the absence of this testimony. This alone is a reason for dismissing the claim of ineffective assistance. *Alceus*, *supra*; *see also Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002) (stating that a bald assertion that defendant's relatives would have provided meaningful testimony about the defendant's character and reputation such that the verdict at trial would have been different is insufficient to permit appellate review, resulting in the claim being waived on appeal).

Appellant has also argued that counsel lied when he said that the trial judge would not permit Appellant's proposed witnesses to testify since they were not present at the scene of the crime. Brief for Appellant at 29-30. If Appellant's recollection of counsel's statement is accurate, we agree that the statement was erroneous. As stated above, character evidence is substantive, positive evidence which provides an independent factor that, if believed, may result in a finding of reasonable doubt. *Commonwealth v. Goodmond*, 190 A.3d 1197, 1201 (Pa. Super. 2018) (citation omitted).

Nonetheless, we find no error in failing to grant relief on this claim. Appellant fails to recognize that his proposed character witnesses could have been cross-examined about Appellant's prior convictions, which include, at a minimum, a conviction for the violent offense of robbery. Thus, had witnesses testified that Appellant had a reputation in the community for peacefulness or being law-abiding, they could have been cross-examined about this conviction, bringing it to the jury's attention, when otherwise such information would not be disseminated to a jury. **Van Horn**, **supra** (holding that counsel was not ineffective for failing to call character witnesses and had a reasonable strategic basis for not doing so because the proposed witnesses would have been cross-examined about the defendant's prior convictions for burglary and statutory rape).

More importantly, Appellant admitted on the witness stand during his trial testimony that he had engaged in sexual activity with the victim when she was a minor. **See** N.T., 7/12/16, at 179. Appellant testified that he ran into the victim in January 2014 when he returned to the neighborhood after being away for a while; Appellant claimed the victim got into his car, they chatted about the victim's family, and then they engaged in oral sex. **Id.** Appellant further recounted, "I'm not denying the sexual contact with [the victim]." **Id.** Rather, Appellant described being uneasy about the charges he faced, explaining, "[T]he molestation part, I'm totally denying, because I've never been a pedophile. I've never been – molested nobody['s] kid." **Id.** When, on cross-examination, Appellant was confronted with the fact that the

- 11 -

victim was 15 years old in January 2014, he denied knowing her age, claiming she was 17 or 18. *Id.* at 186. He admitted, however, that the victim told him that she was 15, about 6 months shy of turning 16. *Id.* at 187. Appellant claimed he "wasn't paying attention" when the victim told him her age. *Id.* at 188.

Due to Appellant's admission to having oral sex with the victim while she was a minor, we conclude that even if trial counsel had called character witnesses, their testimony would not have resulted in a different verdict. While a typical he-said, she-said case with only two parties involved is the type of case where character evidence would be especially relevant,[3] the need for character witnesses dissipates when the defendant confesses to committing the crime on the witness stand. Trial counsel was not ineffective on this basis. Consequently, PCRA counsel was likewise not ineffective for failing to file an amended petition raising this claim, and the PCRA court did not err in denying relief.

Appellant also argues that his trial counsel was ineffective for "withholding evidence favorable to [his] innocence." Brief for Appellant at 33. Specifically, Appellant refers to text messages between himself and his former girlfriend (the victim's sister), which he contends would have impeached both

---

[3] *See Weiss*, 606 A.2d at 442 ("In a case such as this, where there are only two direct witnesses involved, credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility.").

the girlfriend's and the victim's trial testimony. *Id.* at 35. However, Appellant did not raise this allegation in his *pro se* PCRA petition; instead claiming in his petition that *the Commonwealth* withheld the full content of his text messages to his former girlfriend. *Pro Se* PCRA petition, 1/4/23, at unnumbered page 10-11. As Appellant did not present this claim in his *pro se* PCRA petition, it is waived and we do not consider it further. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Appellant next suggests that the Commonwealth violated his right to due process by "not properly obtaining and presenting evidence to the courts at trial." Brief for Appellant at 38. Not only is Appellant now arguing that the Commonwealth should have presented these additional text messages between himself and his former girlfriend, he also asserts that additional messages should have been recovered. These messages purportedly involve Appellant's girlfriend telling him about discovering his inappropriate interaction with her underage sister, which resulted in the sisters engaging in a fist-fight, during which the girlfriend's hand was injured. But Appellant fails to explain, as he must in order to obtain relief, how this evidence would have been *relevant* to his defense, much less exculpatory. Whether the sisters had a physical altercation some time after the sexual act at issue is irrelevant to whether the act occurred. Especially considering Appellant's trial admission to having oral sex with the victim in this case in 2014, Appellant cannot

establish that additional information regarding this altercation would have resulted in a different outcome at trial.

To the extent that Appellant alleges that additional forensic investigation would have found impeachment material in his phone, this claim is pure speculation and had not been raised at any time prior to the Brief for Appellant. Any such claim is therefore waived. Pa.R.A.P.302(a).

Appellant next maintains that he is entitled to relief because the prosecution permitted the victim to provide perjured or false testimony and failed to correct the falsehood. When called to testify at Appellant's trial, the victim was asked to tell the jury how old she was, and she answered, "I am 18 years old." N.T. at 23. The victim was then asked to give her date of birth, which she answered was in August of 1998. *Id.* The victim testified in July of 2016. Thus, the victim was just shy of 18 years old when she answered the question. Appellant maintains that this error requires a new trial because it would establish that the victim had a pattern of lying about her age. Brief for Appellant at 43. However, Appellant never explains how this supposed fact, that the victim lied about her age, applies to his charges. That Appellant mistakenly thought the victim was older is no defense to these charges. *See, e.g.*, *Commonwealth v. Doyle*, 418 A.2d 1336, 1339 (Pa. Super. 1979) (holding that a minor victim's consent to engage in IDSI with the defendant does not preclude a conviction on the charge of IDSI with a minor).

Appellant also argues that the victim lied about not knowing the exact date that the incident occurred. At trial, the victim testified that the incident

occurred during the summer of 2009. N.T. at 27. Appellant states that the police investigation report authored by Detective Kimberly Boston listed the date as "6/1/2009 at 12:00:01 AM." *Id.* at 46. Thus, he infers that either the victim lied during her testimony or the detective fabricated an offense date while filling out the investigation report.

> We reproduce Appellant's argument on this point:

> [Appellant] argues that the prosecution had and withheld evidence that would have impeached the testimony of both Commonwealth witnesses[, the victim,] and Detective Boston. By withholding this evidence and not presenting it to the courts or the defence [*sic*] the prosecution has violated [Appellant's] constitutional and due process rights and [Appellant's] trial cannot be deemed fair.

Brief for Appellant at 46. Appellant then cites to ***Brady v. Maryland***, 373 U.S. 83 (1963), apparently attempting to show that the Commonwealth withheld favorable evidence before his trial.

Initially, we note that Appellant did not object to the lack of a specific offense date at trial, nor did he raise any claim regarding this issue during his direct appeal. The issue is therefore waived. 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding."); ***Commonwealth v. Brown***, 872 A.2d 1139, 1144 (Pa. 2005) (same). We only add that the prosecutor did indeed correct the victim's testimony about her age immediately, and the victim's stating that she was 18 on the day of trial when her birthday was less than a month away could be considered an understandable mistake made by a nervous witness. As to the

incident date being written as 6/1/2009 on one internal investigation report, we observe that the report also contained a notation that the victim was uncertain about the exact date, and the parties have known that the time frame was always alleged to be "summer of 2009." Had this issue not been waived, we would conclude that this is hardly a material variance or error requiring a new trial. Not only does Appellant fail to assert, much less prove, that he suffered prejudice, there is zero evidence that the Commonwealth intentionally misrepresented the evidence. No relief is due.

Appellant has failed to establish any error in the denial of relief under the PCRA. Accordingly, the order denying PCRA relief is affirmed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/6/2025