COMMONWEALTH of Pennsylvania, Appellee,

v.

**William VAN HORN, III, Appellant.**

Superior Court of Pennsylvania.

Submitted March 18, 2002.

Filed April 23, 2002.

---

Gilbert J. Negrete, Bethlehem, for appellant.

Teresa P. Miranda, Assistant District Attorney, Easton, for Com., appellee.

BEFORE: STEVENS, OLSZEWSKI, and KELLY, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Northampton County denying Appellant's first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Appellant contends that trial counsel was ineffective in failing to call numerous witnesses to testify at trial and objecting to remarks made by the Commonwealth during closing argument. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On February 13, 1997, Appellant, represented by Assistant Public Defender Mark Minotti, was convicted by a jury of rape, two counts of involuntary deviate sexual intercourse, aggravated indecent assault, indecent assault, corruption of minors, and endangering the welfare of minors. The charges stemmed from Appellant's assault of his daughter's son over a period of at least two years. On March 27, 1997, Appellant was sentenced to an aggregate of eighteen to thirty-six years in prison. Appellant filed post-sentence motions, which were denied, and, still represented by Attorney Minotti, Appellant filed a direct appeal to this Court. On direct appeal, Appellant alleged (1) the verdict was against the weight of the evidence, (2) the evidence was insufficient, (3) the trial court erred in determining the victim was competent to testify, and (4) Appellant's sentence violated the Double Jeopardy Clause. We found Appellant's issues to be meritless, and, on June 11, 1998, we affirmed Appellant's judgment of sentence. *Common-*

*wealth v. Van Horn*, 723 A.2d 237 (Pa.Super.1998) (unpublished memorandum). Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, and the petition was denied on April 6, 1999. *Commonwealth v. Van Horn*, 558 Pa. 631, 737 A.2d 1225 (1999).

¶ 3 On July 21, 1999, Appellant filed a timely PCRA petition, and Gilbert J. Negrete, Jr., Esquire, was appointed to represent Appellant. Following several evidentiary hearings, the PCRA court denied Appellant's petition on January 4, 2001. This timely appeal followed. The PCRA court ordered Appellant to file a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), the necessary statement was filed, and the PCRA court filed an opinion.

¶ 4 Appellant challenges the assistance he received by trial counsel.[1] In reviewing the propriety of the PCRA court's denial of Appellant's petition, we are limited to determining whether the court's findings are supported by the record, and whether the order is free of legal error. *Commonwealth v. Allen*, 557 Pa. 135, 732 A.2d 582 (1999). "We grant great deference to the findings of the post conviction court, which will not be disturbed unless they have no support in the certified record." *Commonwealth v. Vega*, 754 A.2d 714, 716 (Pa.Super.2000) (citing *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204, 207 (1994)).

¶ 5 We also observe that in order to succeed on an ineffectiveness of counsel claim, the petitioner is required to make the following showing: (1) that the underlying claim is of arguable merit; (2) that

---

1. Since Attorney Minotti represented Appellant during trial and direct appeal, Appellant has challenged Attorney Minotti's effectiveness at the first available opportunity. As such, the issues concerning trial counsel's assistance have not been waived. *Commonwealth v. Granberry*, 434 Pa.Super. 524, 644 A.2d 204 (1994). Moreover, Appellant's issues have not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3).

counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Fletcher*, 561 Pa. 266, 750 A.2d 261 (2000). We presume counsel is effective and place upon Appellant the burden of proving otherwise. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999).

¶ 6 Appellant first argues that counsel was ineffective in failing to call numerous witnesses to testify at trial. Specifically, he alleges counsel should have called (1) his sons, John Henry and Kenneth Leroy Van Horn, his grandson, Kenneth William Van Horn, and his daughter-in-law, Janet Morgan, as character witnesses and to contradict Doreen Woolston's, the victim's mother, testimony; and (2) James Thorpe, who Appellant alleges sexually abused the victim. Appellant contends that his relatives would have testified regarding Appellant's good relationship with the victim, that Appellant did not sexually abuse any of them, that Appellant has a good character, and that the victim's mother, Doreen Woolston, has a reputation for dishonesty. Appellant contends James Thorpe would have testified that he was convicted of sexually abusing the victim, thereby raising an inference that Thorpe abused the victim in this case and not Appellant.

■ ¶ 7 To establish ineffectiveness for failing to call witnesses, Appellant must illustrate that the witnesses were available, that counsel knew or should have known of their existence, that the witnesses were prepared to testify for the defense, and that their absence was so prejudicial that defendant was denied a fair trial. *Commonwealth v. Priovolos*, 552 Pa. 364, 715 A.2d 420 (1998). "Failure to present avail-able character witnesses may constitute ineffective assistance of counsel." *Commonwealth v. Harris*, 785 A.2d 998, 1000 (Pa.Super.2001) (citations omitted).

> It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has 'proper relation to the subject matter' of the charge at issue.... Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged.
>
> Furthermore, ... credibility of the witnesses is of paramount importance, and character evidence is critical to the jury's determination of credibility.

*Harris*, 785 A.2d at 1000 (quotation and citations omitted). Moreover, "[e]vidence of a witness' character for truthfulness is admissible only after the witness' character for truthfulness has been attacked by reputation evidence or otherwise. Evidence that is not relevant is not admissible." *Commonwealth v. Schwenk*, 777 A.2d 1149, 1156 (Pa.Super.2001) (citation, quotation, and quotation marks omitted). "Character means one's general reputation in the community." *Commonwealth v. Fisher*, 764 A.2d 82, 87 (Pa.Super.2000) (citations omitted).

■ ¶ 8 With regard to Appellant's sons, grandson, and daughter-in-law, Appellant has established that the witnesses were available, counsel knew of their existence, and that the witnesses would have testified on Appellant's behalf at trial.[2] N.T. 12/13/00 at 150–151, 164, 170, 187–188, 190. However, we conclude that Appellant failed to establish that the absence

2. We note that Janet Morgan testified during Appellant's trial; however, trial counsel never directly questioned her regarding Appellant's character.

of his relatives' testimony was so prejudicial as to require a new trial.

¶ 9 With regard to the relatives' desire to testify that Appellant had a good relationship with the victim and that Appellant did not sexually abuse any of them, we conclude that such does not constitute proper character testimony. The relatives' own experience with Appellant and their perceived relationship between Appellant and the victim is not testimony regarding Appellant's "general reputation in the community." *Fisher, supra.* To the extent Appellant alleges that his relatives would have testified concerning his "good character" in the community, we find this issue to be waived. Aside from stating that his relatives testified at the PCRA hearing regarding his character among the community, Appellant has failed to develop the issue further. He fails to cite the location in the record where such testimony from the PCRA hearing may be found and has failed to indicate precisely what character evidence to which he is referring. The bald assertion that his relatives testified at the PCRA hearing to his character and reputation as expressed to them by the community is insufficient to permit meaningful review. Pa.R.A.P. 2119.

¶ 10 Moreover, assuming, *arguendo,* that Appellant's relatives testified at the PCRA hearing that they would have offered admissible character evidence at trial, we conclude that trial counsel had a reasonable basis for not presenting the witnesses' testimony to establish Appellant's character. During the PCRA hearing, Attorney Minotti testified that he did not call character witnesses because he believed that they would be cross-examined concerning Appellant's prior convictions for burglary and statutory rape. N.T. 12/8/00 at 107. We conclude that this was a reasonable trial strategy, and coun-

sel was not ineffective on this basis. *See Commonwealth v. Morales,* 549 Pa. 400, 701 A.2d 516 (1997) (holding that counsel was not ineffective in failing to call character witnesses where the witnesses could have been cross-examined concerning the defendant's prior convictions).

¶ 11 With regard to Appellant's allegation that his relatives would have testified concerning Doreen Woolston's reputation for dishonesty, we find Appellant was not prejudiced by the absence of his relatives' testimony. Ms. Woolston's testimony regarding the abuse of the victim was favorable for Appellant. Specifically, Ms. Woolston testified that she never saw Appellant sexually abuse the victim, that neither the victim nor her daughter told her Appellant abused them, and that she never called the police because of any alleged sexual abuse concerning the victim. N.T. 2/11/97 at 51–52, 53, 57–58, 60. This testimony directly contradicted the victim's testimony. Admittedly, Ms. Woolston testified that Appellant raped her, but Appellant was never convicted of the act. However, this testimony supported Appellant's theory that the victim "made up" his story in revenge for Appellant's alleged raping of Ms. Woolston. As such, we conclude that no relief is due on this claim.

¶ 12 With regard to Appellant's contention that trial counsel should have called James Thorpe to testify because his testimony would have exculpated Appellant, we conclude no relief is due. Specifically, Appellant has failed to demonstrate that Thorpe was available and prepared to testify on Appellant's behalf at trial. Appellant did not call Thorpe to testify during the PCRA hearing nor did Appellant attach to his brief an affidavit from Thorpe indicating that Thorpe would have testified at Appellant's trial. "[W]e will not grant relief based on an allegation

that a certain witness may have testified in the absence of an affidavit to show that the witness would, in fact, testify." *Commonwealth v. Burton,* 770 A.2d 771, 788 (Pa.Super.2001) (citation, quotation, and quotation marks omitted).

¶ 13 Appellant's final contention is that trial counsel was ineffective in failing to object to remarks made by the Commonwealth during closing argument. The challenged remarks are: (1) "[The victim] was left as prey. He was [Appellant's] plaything to sodomize, to abuse time to time again whenever he got the chance." N.T. 2/12/97 at 38; (2) "So who did she [the victim's mother] ask for help? She goes to [Appellant]. Well, he's the primary reason why her kids were taken away from her." N.T. 2/12/97 at 43; and (3) "You [the jury] have a responsibility to yourselves, to the court, and to the members of the community. I ask you render verdicts of guilty to all charges...." N.T. 2/12/97 at 47.

■ ¶ 14 The standard when reviewing challenges alleging prosecutorial misconduct is well established:

> Every unwise or irrelevant remark made in the course of a trial by a judge, a witness, or counsel does not compel the grant of a new trial. Rather, the focus is on what if any effects the comments had on the jury. A new trial is required when the effect of the District Attorney's comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the defendant so that they could not weigh the evidence objectively and render a true verdict.

*Commonwealth v. Lilliock,* 740 A.2d 237, 247 (Pa.Super.1999) (quotation and quotation marks omitted). A prosecutor is permitted fairly wide latitude in advocating for the Commonwealth, including the right to argue all fair deductions from the evidence, to respond to defense arguments, and to engage in a certain degree of oratorical flair. *Commonwealth v. Pierce,* 567 Pa. 186, 786 A.2d 203 (2001).

■ ¶ 15 With regard to the first challenged comment, we conclude that the Commonwealth's characterization of the victim as "prey" and a "plaything" was within the limits of proper oratorical flair. The Commonwealth's comment was made in the context of explaining Doreen Woolston's neglect of the victim and why Appellant had easy access to sexually assault the victim. As such, the Commonwealth's comment fairly characterized the situation, and, therefore, we find this challenge to be meritless. *See Commonwealth v. Miles,* 545 Pa. 500, 681 A.2d 1295 (1996) (holding that prosecutor was permitted to refer to the defendants as "hunting animals of prey").

■ ¶ 16 As for the second challenged comment, we conclude that the prosecutor's comment that Doreen Woolston's children were removed from her custody in part because of Appellant's actions was supported by the evidence. Doreen Woolston testified that Appellant sexually assaulted her, provided her with alcohol at a young age, and helped her develop an alcohol addiction. N.T. 2/11/97 at 52, 65, 71–73. Ms. Woolston testified that her children were in foster care, and that Appellant lived with her and the children from 1993 to 1995. N.T. 2/11/97 at 49–50, 54. Elizabeth Perez, the family's caseworker from Children and Youth Services (CYS), testified that CYS was concerned with Appellant's contact with Doreen Woolston and her children. N.T. 2/11/97 at 14, 16. From 1993 to 1995, CYS instructed Ms. Woolston to keep Appellant away from her children. N.T. 2/11/97 at 15–16. Ms. Perez indicated that Ms. Woolston failed to keep Appellant away from her children

and that was part of the reason the children were removed from Ms. Woolston's care. N.T. 2/11/97 at 19–20. Since the Commonwealth's statement was a fair inference based on the evidence, we find that counsel was not ineffective in failing to object to the Commonwealth's statement. *Pierce, supra.*

¶ 17 As for the last challenged comment, we disagree with Appellant's portrayal of the comment as impermissibly urging the jury to convict on some generalized ground beyond the jury's scope of duties. Rather, the comment was limited to a plea to convict Appellant based solely on the actions committed in the case *sub judice,* and, thus, were within the bounds of oratorical flair. *Commonwealth v. Abu–Jamal* 553 Pa. 485, 720 A.2d 79 (1998).

¶ 18 For all of the foregoing reasons, we affirm.

¶ 19 Affirmed.