J-S17004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT MARCHETTI | |
| Appellant | No. 1952 WDA 2014 |

Appeal from the PCRA Order November 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0007143-2007

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 30, 2016**

Appellant, Robert Marchetti, appeals from the order entered in the Allegheny County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In its opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises the following issue for our review:

> DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE APPELLANT REGARDING THE ROLE AND NECESSITY OF CHARACTER WITNESSES, FOR

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

---

*Former Justice specially assigned to the Superior Court.

IMPROPERLY ADVISING AND/OR COERCING APPELLANT NOT TO CALL CHARACTER WITNESSES, AND FOR INCORRECTLY DECIDING NOT TO CALL CHARACTER WITNESSES AT APPELLANT'S TRIAL, ESPECIALLY SINCE SEVERAL WERE AVAILABLE AND WILLING AND TRIAL COUNSEL KNEW OF THEIR AVAILABILITY AND WILLINGNESS TO TESTIFY?

(Appellant's Brief at 3).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. *Commonwealth v. Abu-Jamal*, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528 U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999). Where the record supports the PCRA court's credibility resolutions, they are binding on this Court. *Id.*

The law presumes counsel has rendered effective assistance. *Commonwealth v. Williams*, 597 Pa. 109, 950 A.2d 294 (2008). When

asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Williams, supra*.

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit…." *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004).

> Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective.

*Pierce, supra* at 524, 645 A.2d at 194-95 (internal citations omitted).

> Prejudice is established when [an appellant] demonstrates that counsel's chosen course of action had an adverse effect on the outcome of the proceedings. The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine

confidence in the outcome. In [**Kimball, supra**], we held that a "criminal [appellant] alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

**Commonwealth v. Chambers**, 570 Pa. 3, 21-22, 807 A.2d 872, 883 (2002) (some internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kevin G. Sasinoski, we conclude Appellant's issue merits no relief. The PCRA court's opinion fully discusses and properly disposes of the question presented. (**See** PCRA Court Opinion, filed November 16, 2015, at 3-4) (finding: trial counsel testified at PCRA hearing that defense relied on whether jury would find Appellant's testimony credible to convince jury of innocence; trial counsel testified he did not call potential character witnesses because they were unsophisticated and would "blow" case; PCRA counsel established trial counsel failed to interview and call character witnesses to testify to Appellant's non-violent, honest, and law-abiding nature in community; nevertheless, trial counsel was not ineffective because Appellant waived right to call character witnesses; court conducted colloquy at trial in which Appellant stated he did not wish to present character witnesses; at trial, Appellant testified he had discussed with trial counsel right to call witnesses to testify to Appellant's good character, but he did not wish to present these witnesses). The record supports the PCRA court's decision; therefore, we have no reason to disturb it. Accordingly, we affirm on the basis of the

PCRA court's opinion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

vs.

ROBERT MARCHETTI,

Appellant

CRIMINAL DIVISION

CC200707143
1952 WDA 2014

**OPINION**

BY:

HON. KEVIN G. SASINOSKI
Room 507 – Courthouse
436 Grant Street
Pittsburgh, PA 15219

COPIES TO:

Scott Coffey, Esq.
216 Sharon Drive
Pittsburgh, PA 15221

Michael Streily, Esq.
District Attorney's Office
4th Floor – Courthouse
Pittsburgh, PA 15219

1

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA          CRIMINAL DIVISION

                    vs.                CC200707143
                                       1952 WDA 2014
ROBERT MARCHETTI,
                    Appellant


OPINION

*Sasinoski, J.*

This is an appeal of the Order of Court denying defendant's amended PCRA petition on November 25, 2014. Defendant filed a timely Notice of Appeal and Statement of Matters Complained of on Appeal. This opinion is filed in response thereto at No. 1952 WDA 2014.

Defendant was convicted of first degree murder and sentenced to life imprisonment on June 24, 2008 at CC200707143 in Allegheny County, Pennsylvania. Post sentence motions were denied, and a timely appeal to Superior Court was filed at No. 1758 WDA 2008, which affirmed the judgment of sentence on March 31, 2010. No Petition for Allowance of Appeal to the Supreme Court was filed. Subsequently, on August 15, 2011, defendant filed a pro-se PCRA Petition and Scott Coffey, Esquire was appointed to represent defendant. The PCRA was amended, wherein defendant requested his Petition for Allowance of Appeal rights be reinstated. The PCRA court, with the agreement of the Commonwealth, entered an order reinstating these rights, and the Petition for Allowance of Appeal was filed on June 6, 2012 and subsequently denied on September 25, 2012.

2

Defendant again filed a pro se PCRA petition on October 15, 2012, and Scott Coffey, Esquire, was appointed to represent defendant. The petition was amended and the court held several hearings on this matter. The PCRA court denied relief and the defendant appealed at 1942 WDA 2014 on December 1, 2014. In his timely 1925(b) Statement of Matters Complained of on Appeal, Defendant alleges the following allegation of error:

1.     The Trial Court erred in denying appellant's PCRA Petition since trial counsel was ineffective for failing to advise appellant regarding the role and necessity of character witnesses, for improperly advising and/or coercing appellant not to call character witnesses, and for incorrectly deciding not to call character witnesses at appellant's trial respectfully since several were available and willing and trial counsel knew of their availability and willingness to testify.

PCRA counsel called trial counsel, Arthur Gilkes, Esquire, who testified relative to his representation, at an evidentiary hearing. (N.T. 1, p. 16)[1]

Mr. Gilkes claimed the defense was reliant on whether Defendant "would be able to convinc3e the jury of his innocence." (N.T. 1, p. 16)

Gilkes also testified the defense was "putting [Defendant] on the stand to tell his side of the story, and his whole fate rested on whether that jury found him believable and credible and honest." (N.T. 1, p. 33)

Trial counsel testified that he did not call potential character witnesses, opinion that he believed such witnesses to be unsophisticated people, who "would blow the whole thing." (N.T. 1, pp. 18-19)

Mr. Gilkes could not offer any definitive reasons why he did not call witnesses Jason Cutri, Serena Cutri, Stanley Marchetti, Robin Bane, Christina Meneas or Kimberly Marchetti. (N.T. 1, pp. 27-29)

3

Defendant alleges that trial counsel admitted that he did not advise defendant that it was his [defendant's] choice to call character witnesses.

PCRA Counsel also established that trial counsel did not call numerous character witnesses who were available, and that he failed to interview them. (N.T. 1, pp. 48-53) Several of the purported character witnesses would have testified that defendant had a representation in the community as a non-violent, honest and law abiding citizen who would have testified at trial. (N.T. 2, pp., 2, 31-48)[2]

Despite the foregoing, the PCRA court found that trial counsel, Arthur Gilkes, was not ineffective for failing to present character evidence at trial because the defendant waived his right to do so. The law regarding ineffectiveness of counsel for failure to present available character witnesses is set forth in *Commonwealth v. Van Horn*, 797 A.2d 983 (Pa. Super. 2002). However, defendant's waiver, after a colloquy at trial, is dispositive of the issue. The defendant indicated in the colloquy that he did not wish to present character witnesses. The defendant also testified that he had discussed with attorney Gilkes the right to call witnesses who would testify about his good character for truthfulness or law-abiding nature in the community. The defendant testified he did not wish to present such witnesses.[3] (N.T. 3, pp. 494-496)

For these reasons, the Order denying PCRA relief should be affirmed.

---

[1] N.T. 1 refers to Notes of PCRA Transcript dated 9/25/2013. Post Conviction Relief Act hearing.
[2] N.T. 2 refers to Notes of PCRA Transcript dated 10/1/2013.
[3] N.T. 3 refers to Notes of Trial Transcript, Volume IV, dated 3/11/2008.