J-S29009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NEUR TYYAKEN HEADEN | |
| Appellant | No. 2697 EDA 2016 |

Appeal from the PCRA Order July 26, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002384-1995

BEFORE: LAZARUS, J., SOLANO, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.: **FILED MAY 02, 2017**

Neur Tyyaken Headen appeals *pro se* from the trial court's order denying his third, *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.[1] In 1996, Headen was convicted, after a jury trial, of first-degree murder and third-degree murder of two victims; he was sentenced to a term of life in prison without the possibility of parole. Headen was 23 years old at the time he committed the offenses. After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In reviewing the denial of a PCRA petition, this Court is limited to determining whether the PCRA court's findings are supported by the record and whether the order is free of legal error. **Commonwealth v. Van Horn**, 797 A.2d 983, 986 (Pa. Super. 2002).

Headen asserts that the trial court improperly determined that his untimely[2] PCRA petition did not warrant relief where: (1) his petition meets the "newly recognized" constitutional exception to the PCRA under 42 Pa.C.S. § 9545(b)(1)(iii) and (2) his sentence is unconstitutional, as expressed in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), because it constitutes "cruel and unusual punishment" under the Eighth Amendment to the United States Constitution and violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Because Headen was over the age of 18 at the time he committed the instant homicide offenses, he is entitled to no relief under **Miller**. **See Miller**, **supra** (United States Supreme Court held that sentencing juvenile convicted of homicide offense to mandatory life imprisonment without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment; holding limited to those offenders who were under age of 18 at time they committed their crimes).

Moreover, **Montgomery v. Louisiana**, 135 S.Ct. 718 (2016), provides Headen no relief. In **Montgomery**, the Supreme Court concluded that the holding of **Miller** is a substantive rule of constitutional law to which

---

[2] Headen does not challenge the fact that his petition is facially untimely. Headen's judgment of sentence became final on April 1, 1998, the date that his 90-day period to file a writ of *certiorari* to the United States Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Instantly, Headen's petition, his third, was filed on March 28, 2016.

state collateral review courts were required, as a constitutional matter, to give retroactive effect. *Id.* at 736. However, the rule in **Miller** as made retroactive by **Montgomery** still only applies to those juveniles who were under the age of 18 at the time they committed their offenses. Again, because Headen was 23 at the time of the murders, he cannot be granted relief under **Miller** and **Montgomery**.

Order affirmed.[3]

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/2/2017

_____

[3] We also reject Headen's contention that his "developmentally challenged" mental state at the time he committed the crimes technically made him a "juvenile" under the holdings of **Miller** and **Montgomery**. *See* **Commonwealth v. Furgess**, 149 A.3d 90 (reaffirming fact that petitioners who were older than 18 at time they committed murder are not within ambit of **Miller** and rejecting argument that **Miller** should apply to petitioners who were "technical[ly] juvenile[s]" with immature brain development at the time of the offenses).