J-S57028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JALIL PRATT | |
| Appellant | No. 2291 EDA 2016 |

Appeal from the PCRA Order dated June 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011453-2007

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.: **FILED NOVEMBER 21, 2017**

Appellant Jalil Pratt appeals from the order denying, after an evidentiary hearing, his first Post Conviction Relief Act ("PCRA")[1] petition. We affirm.

We state the facts as set forth by a prior panel of this Court, which resolved Appellant's direct appeal:

> On December 23, 2006 at approximately 11:00 p.m., co-Defendant Maurice Smith told his girlfriend, Melissa Thompson, via cell phone to call George's Pizza in Philadelphia, PA and place an order for delivery. Melissa Thompson told George's Pizza to deliver the food to a specific address in Philadelphia, PA and then called Smith back via Pratt's cell phone to tell him that she had done so. Pratt and Smith then waited for the delivery man to arrive.
>
> At 11:44 p.m., William Heron ("Heron") heard a knock on his door where Melissa Thompson requested the delivery be made. Heron looked out the window to see a pizza delivery man, later

---

[1] 42 Pa.C.S. §§ 9541-9546.

identified as Michael Orlando, standing outside the door. Heron answered the door to tell Michael Orlando, hereinafter referred to as Orlando, he must have the wrong address because he didn't order pizza. Heron then saw two black males approach from behind Orlando. Pratt pointed a gun at Orlando while Smith demanded that Orlando 'move it, move it.' Heron immediately shut the door and dialed 911 for emergency police services. While on the phone with the police, Heron heard banging and crying at the front door, but was too afraid to open the door. The police arrived at his door within minutes, discovered Orlando shot in the abdomen, and all suspects had fled the scene. Orlando was taken to Frankford Hospital, Torresdale division, where he was pronounced dead at 12:30 a.m. on December 24, 2006 due to a single gunshot wound to the abdomen.

Pratt, Smith, and Melissa Thompson ("Thompson") were subsequently arrested and charged with numerous crimes related to the events set forth above.

*Commonwealth v. Pratt*, No. 672 EDA 2010, at 1-2 (Pa. Super., Dec. 2, 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011).

Prior to trial, Thompson pleaded guilty to conspiracy in exchange for testifying at Appellant's trial. At trial, Appellant "put forth an alibi defense, calling two witnesses who testified that [he] was in their house at the time the murder was supposed to have occurred." *Pratt*, No. 672 EDA 2010, at 3. In support, Thompson testified that she did not meet Appellant until the day after the robbery. N.T. Trial, 6/17/09, at 170-71. During closing arguments, Appellant's trial counsel argued that Thompson's testimony, in conjunction with other testimony, raised a reasonable doubt as to whether Appellant was involved. N.T. Trial, 6/24/09, at 117. The jury convicted Appellant of second-degree murder, conspiracy, and burglary, and the court sentenced him to life imprisonment without parole for murder and a

concurrent sentence of ten to twenty years' imprisonment for the remaining convictions. This Court affirmed and our Supreme Court denied Appellant's petition for allowance of appeal.

Appellant, acting *pro se*, timely filed his first PCRA petition. The court appointed counsel, who filed an amended PCRA petition. Attached to the petition was trial counsel's signed affidavit averring that he forgot to investigate and present character witnesses. The PCRA court held an evidentiary hearing at which Appellant called witnesses who testified that had they been called at trial, they would have testified to Appellant's reputation in the community as being a non-violent person. The Commonwealth cross-examined them with Appellant's prior criminal record.

> At the hearing, Appellant's trial counsel testified as follows:
>
> At the time of his signature [on the affidavit, Appellant's trial counsel] believed the averments were accurate. (N.T. 06/15/2016 at 36). However, upon further recollection, [trial counsel] testified the statements were not accurate because he was aware of [Appellant's] prior record and more importantly, he recalled speaking with the prosecutor about potential cross examination and impeachment of the character witnesses. (N.T. 06/15/2016 at 36-39).

PCRA Ct. Op., 11/4/16, at 6 (footnote omitted). Trial counsel also testified that he did not request a corrupt and polluted source instruction for Thompson because, in his view, her testimony exculpated Appellant and he did not want to undermine her testimony before the jury. N.T. PCRA Hr'g, 6/15/16, at 40-41. Following the hearing, the trial court denied Appellant's petition and Appellant timely appealed.

Appellant raises the following issues:

Whether trial counsel was ineffective for failing to investigate and to procure character witnesses to testify that the Appellant enjoyed a reputation for being a peaceful and non-violent person.

Whether trial counsel was ineffective for failing to request a corrupt source cautionary and jury instruction for Melissa Thompson who was an accomplice in the death of Michael Orlando.

Appellant's Brief at 6.

"Preliminarily, we recognize that in reviewing the propriety of an order granting or denying PCRA relief, this Court is limited to ascertaining whether the evidence supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Andrews***, 158 A.3d 1260, 1262-63 (Pa. Super. 2017).

We summarize Appellant's arguments for both of his issues. He contends trial counsel had no reasonable basis not to call character witnesses. In Appellant's view, his criminal past was non-violent and would have only supported his contention that he lacked the capacity to commit murder and robbery. Appellant's Brief at 14-15. Appellant also contends that trial counsel had no reasonable basis to not request a corrupt source instruction, given Thompson's admitted involvement. ***Id.*** at 17.

> In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). This requires the petitioner [to] demonstrate that: (1) the underlying claim is of arguable merit;

(2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. It is presumed that counsel is effective, and . . . the appellant [has] the burden of proving otherwise.

*Commonwealth v. Payne*, 794 A.2d 902, 905-06 (Pa. Super.) (citation omitted), *appeal denied*, 808 A.2d 571 (Pa. 2002). Counsel has a reasonable strategic basis for not calling character witnesses if counsel believes the witnesses could be cross-examined regarding the defendant's prior criminal record. *Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002). It is similarly a reasonable strategic basis to not request a corrupt source instruction if doing so would be inconsistent with the proffered defense. *Commonwealth v. Johnson*, 437 A.2d 1175, 1177 (Pa. 1981).

After careful review of the parties' briefs, the record, and the decision of the Honorable Leon W. Tucker, Jr., we affirm on the basis of the PCRA court's decision. *See* PCRA Ct. Op. at 5-8 (holding trial counsel adequately explained why his affidavit was inaccurate, and trial counsel had a reasonable strategic basis for not calling character witnesses and requesting a corrupt source instruction). Because we perceive no error, we affirm the PCRA court's order denying relief. The parties are instructed to attach the PCRA court's decision to any future pleadings that reference that decision.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 11/21/2017*

COMMONWEALTH OF PENNSYLVANIA      COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT

v.

**FILED**

NOV 0 4 2016

JALIL PRATT,     Criminal Appeals Unit     CP-51-CR-0011453-2007
    **APPELLANT**    First Judicial District of PA

**OPINION**

**2291 EDA 2016**

LEON W. TUCKER, J.               DATE: November 3, 2016

This matter comes before the Superior Court on appeal from the denial of a Post Conviction Relief Act[1] ("PCRA") Petition filed by Jalil Pratt (hereinafter referred to as "Petitioner") in which Petitioner sought post-conviction relief based upon claims of ineffective assistance of counsel. Petitioner was brought to trial following the robbery and murder of a pizza deliveryman, who was called to a residence by the girlfriend of one of Petitioner's co-defendants.

## I. Procedural History

Following a jury trial before this court, the Petitioner was found guilty of second degree murder,[2] criminal conspiracy,[3] and robbery[4] on June 29, 2009. On September 17, 2009, this court sentenced Petitioner to life imprisonment on the murder conviction, ten to twenty years on the conspiracy charge, and ten to twenty years on the robbery charge. The Petitioner filed his first PCRA petition on January 5, 2010, requesting reinstatment of his appellate rights *nunc pro tunc.* This court granted his petition and reinstated appellate rights on February 18, 2010. The Petitioner then appealed his judgement of sentence, which was affirmed by the Superior Court of

---

[1] 42 Pa. Cons. Stat. §§ 9541-9546.
[2] 18 Pa. Cons. Stat. § 2502(b).
[3] 18 Pa. Cons. Stat. § 903(a)(1).
[4] 18 Pa. Cons. Stat. § 3701(a)(1)(i).

CP-51-CR-0011453-2007 Comm. v. Pratt, Jalil
Opinion



7521679391

1

Pennsylvania on December 2, 2010.[5] On March 25, 2011, the Pennsylvania Supreme Court denied the petition for allowance of appeal filed by Petitioner.

The instant PCRA petition was timely filed on June 21, 2011.[6] Petitioner's PCRA counsel filed an amended PCRA petition on April 17, 2014, and a supplemental amended petition on August 4, 2015.[7] In his amended petition, Petitioner primarily complained his trial counsel was ineffective for failing to procure character witnesses, and failing to request a corrupt source jury instruction regarding one of the Commonwealth's witnesses, Melissa Thompson. On December 2, 2015, the court granted an evidentiary hearing on these two claims. Following the June 15, 2016 evidentiary hearing, the court dismissed the PCRA petition.

The Petitioner timely filed a Notice of Appeal on July 14, 2016. This court issued an order directing Petitioner to file a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b) on July 26, 2016. On August 5, 2016, PCRA counsel timely filed a statement of matters complained of on appeal on behalf of the Petitioner (hereafter "1925(b) Statement"). In the 1925(b) Statement, the Petitioner reiterated his original claims that he was entitled to collateral relief because:

(1) Trial counsel was ineffective for failing to investigate and to procure character witnesses to testify that the Petitioner enjoyed a reputation for being a peaceful and non-violent person.

---

[5] Commonwealth v. Jalil Pratt, No. 672 EDA 2010 (Pa. Super. Dec. 2, 2010).

[6] Petitioner's judgment of sentence became final at the conclusion of direct review – when his petition for allowance of appeal was denied by the Pennsylvania Supreme Court and the time to petition to the Supreme Court of the United States for writ of *certiorari* lapsed. *See* 42 Pa. Cons. Stat. § 9545(b)(3). As his PCRA petition was filed within one year of the date when his judgment became final, the Petitioner timely filed the instant PCRA petition. *See id.* § 9545(b)(1).

[7] Petitioner's original PCRA counsel was removed on August 13, 2013 and new counsel, Gary Server, Esquire, was appointed on August 15, 2013.

2

(2) Trial counsel was ineffective for failing to request a corrupt source cautionary and jury instruction for Melissa Thompson who was an accomplice in the death of Michael Orlando.

(1925(b) Statement). The court will now address these alleged errors raised by Petitioner in his 1925(b) Statement.

## II. Legal Analysis

Under 42 Pa. Cons. Stat. §§ 9541-9546 (2016), commonly known as the Post Conviction Relief Act, a petitioner is required to plead and prove by a preponderance of the evidence that he was convicted or sentenced as a result of one of the grounds enumerated in subsection (a)(2) to obtain post-conviction relief.[8] 42 Pa. Cons. Stat. § 9543(a)(2). The grounds for post-conviction relief include a conviction or sentence that results from "ineffective assistance of counsel, which in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* § 9543 (a)(2)(ii).

When pursuing relief based upon ineffective assistance of counsel, the petitioner bears the burden of proving ineffectiveness and overcoming the presumption that counsel was effective. *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012). Specifically, he must prove (1) the legal issue underlying the claim of ineffectiveness has arguable merit, (2) counsel lacked an objective reasonable basis for his or her acts or omissions, and (3) the petitioner suffered prejudice as a result of counsel's act or omission. *Commonwealth v. Pierce,* 645 A.2d 189, 194-95 (Pa. 1994). If counsel "chose a particular course that had some reasonable basis designed to effectuate his client's interest," then the petitioner would be unable to meet the second prong of the ineffective assistance

---

[8] The Petitioner must also prove the claimed errors were not previously litigated or waived and "the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." 42 Pa. Cons. Stat. § 9543(a)(4).

3

test and the entire claim would fail. *Koehler*, 36 A.3d at 132. Overall defense strategy and trial tactics are considered unreasonable only if "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Id.*

### A. Trial counsel was not ineffective for failing to call character witnesses because counsel had an objective reasonable basis, namely Petitioner's prior juvenile adjudications.

On an ineffective assistance claim directly conditioned on counsel's failure to call witnesses, the petitioner must prove the witness existed, trial counsel knew or should have known of the witness's existence, the witness was available and prepared to cooperate by testifying on behalf of the petitioner, and the failure to call the witness resulted in such prejudice that, in essence, the petitioner was denied a fair trial. *Commonwealth v. Michaud*, 70 A.3d 862 (Pa. Super. 2013); *Commonwealth v. Van Horn*, 797 A.2d 983, 987 (Pa. Super. 2002). Even if a petitioner was able to prove the witness was available and prepared to testify, the failure to call said witness would not constitute ineffective assistance if counsel had a reasonable basis for not calling the witness. *Van Horn*, 797 A.2d at 988. Pennsylvania courts have found such a reasonable basis when trial counsel declined to call character witnesses because counsel did not want to expose those character witnesses to impeachment on petitioner's prior convictions. *See e.g. Commonwealth v. Morales*, 701 A.2d 516 (Pa. 1997); *Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002). In *Van Horn*, the Superior Court concluded that it was a reasonable trial strategy for trial counsel to omit character testimony because of the petitioner's prior felony convictions. 797 A.2d at 988. Accordingly, the *Van Horn* court held petitioner's ineffective assistance of counsel claim failed because there was a reasonable trial strategy. *Id.*

In the instant matter, this court found Petitioner's trial counsel had a reasonable basis for omitting character witness testimony –Petitioner's prior juvenile adjudications for possession of a controlled substance with intent to deliver and simple assault. At the evidentiary hearing, the court

4

heard testimony from three witnesses including two family friends and the Petitioner's grandmother.[9] All three witnesses testified that they were available and prepared to testify at trial that Petitioner had a reputation as a peaceful and nonviolent person. (N.T. 06/15/2016 at 14, 19, 27). All three witnesses also testified that trial counsel did not ask them about their availability to testify at trial. (N.T. 06/15/2016 at 12, 19, 25, 26). Nevertheless, this testimony is insufficient to prove ineffectiveness as Petitioner's trial counsel had a reasonable basis for not calling these witnesses.

Trial counsel, Stephen Patrizio, Esquire, testified at the evidentiary hearing that he discussed calling character witnesses with Petitioner's family prior to trial. (N.T. 06/15/2016 at 32, 33). However, Mr. Patrizio was concerned because the prosecutor explicitly stated she would bring up Petitioner's prior criminal record if defense presented character witness testimony. (N.T. 06/15/2016 at 32). Ultimately, a decision was made to omit character evidence as to not expose those character witnesses to cross examination about the Petitioner's prior adjudications for possession of a controlled substance with intent to deliver and simple assault. (N.T. 06/15/2016 at 33).

This testimony directly contradicted a March 16, 2010 affidavit signed by Mr. Patrizio and attached to Petitioner's amended PCRA petition. The affidavit declared that Mr. Patrizio forgot to investigate and present character evidence at trial and had no strategic reason for doing so. (N.T. 06/15/2016 at 36). At the evidentiary hearing, Mr. Patrizio testified that he did not author the affidavit and did not know who authored the affidavit but assumed it was the lawyer representing

---

[9] The Commonwealth and defense stipulated that seven additional family friends and relatives would have testified that they were available and prepared to testify at trial that Petitioner enjoyed a reputation as a peaceful and nonviolent person. The parties further stipulated that the Commonwealth would have cross-examined these witnesses about Petitioner's prior juvenile adjudications. (Notes of Testimony (hereafter "N.T.") 06/15/2016 at 54-56).

5

Petitioner at the time. (N.T. 06/15/2016 at 36). At the time of his signature, Mr. Patrizio believed the averments were accurate. (N.T. 06/15/2016 at 36). However, upon further recollection, Mr. Patrizio testified the statements were not accurate because he was aware of the Petitioner's prior record and more importantly, he recalled speaking with the prosecutor about potential cross examination and impeachment of the character witnesses.[10] (N.T. 06/15/2016 at 36-39).

After hearing testimony from trial counsel about his decision not to call character witnesses, the court determined that trial counsel had a reasonable basis for his actions. As such, Petitioner's ineffective assistance of counsel claim regarding these witnesses failed.

**B. Trial counsel was not ineffective for failing to request a corrupt source jury instruction as counsel had a reasonable basis not to cast doubt on testimony by Melissa Thompson, a Commonwealth witness.**

Petitioner also claims that trial counsel was ineffective for failing to request a corrupt source cautionary and jury instruction[11] regarding testimony by Melissa Thompson, a witness for the Commonwealth. As this court determined that trial counsel had a reasonable basis – he believed Ms. Thompson's testimony was beneficial to his client – Petitioner's ineffective assistance claim on this ground fails.

If the PCRA court finds trial counsel employed a trial strategy that was designed to reasonably effectuate his client's interests, then petitioner's ineffective assistance claim fails because there

---

[10] Of note, the character witnesses who testified at the evidentiary hearing were cross examined about Petitioner's prior adjudications following their testimony that Petitioner enjoyed a reputation as a peaceful and nonviolent person. (N.T. 06/15/2016 at 15, 22-23, 28).
[11] The standard "Accomplice Testimony" jury instruction reads in part: "When a Commonwealth witness is an accomplice, his or her testimony had to be judged by special precautionary rules. Experience shows that an accomplice, when caught, may often try to place the blame falsely on someone else. [He or she may testify falsely in the hope of obtaining favorable treatment, or for some corrupt or wicked motive.] On the other hand, an accomplice may be a perfectly truthful witness . . . ." Pennsylvania Suggested Standard Criminal Jury Instruction 4.01(1). The instruction also warns, "you should examine the testimony of an accomplice closely and accept it only with care and caution." Pennsylvania Suggested Standard Criminal Jury Instruction 4.01(3).

6

was an objective reasonable basis. *Koehler*, 36 A.3d at 132. At Petitioner's trial, the jury heard testimony by Melissa Thompson, an ex-girlfriend of one of Petitioner's co-defendants. (N.T. 06/17/2009 at 75-144, 146-179). Ms. Thompson pled guilty to conspiracy and entered an agreement with the Commonwealth that she would testify at Petitioner's trial and the Commonwealth would recommend a sentence of ten years of probation for the conspiracy conviction. (N.T. 06/17/2009 at 104-06).

At the evidentiary hearing, Mr. Patrizio testified that he did not request the corrupt or polluted source instruction because he did not believe Ms. Thompson's testimony was damaging to Petitioner and did not want to cast doubt on her testimony. (N.T. 06/15/2016 at 40-41). This testimony is supported by statements made by Mr. Patrizio during his closing argument at trial: "[W]hen you go through Melissa Thompson's statement again, her testimony **exculpates**, raises a reasonable doubt, as to [Petitioner's] involvement in this case, in this this robbery, that particular evening." (N.T. 06/24/2009 at 117) (emphasis added). Although a corrupt and polluted source charge to the jury is warranted when there is sufficient evidence at trial to present a jury question as to whether a witness for the Commonwealth is an accomplice, it would be contradictory for Mr. Patrizio to have requested that instruction in this instance. *Commonwealth v. Busanet*, 54 A.3d 35, 69-70 (Pa. 2012). During direct examination and cross-examination, Ms. Thompson testified that she did not meet Petitioner until the day after the robbery. (N.T. 06/17/2009 at 87-88, 133, 170-71). Per Mr. Patrizio's closing argument at trial and testimony at the evidentiary hearing, his strategy was to frame Ms. Thompson's testimony as exculpatory because it raised reasonable doubt as to Petitioner's involvement in the crime; Ms. Thompson was familiar with a number of the co-defendants prior to the robbery but did not meet Petitioner until after the robbery. This court determined that trial counsel had a reasonable basis to not request a corrupt source cautionary and

cast doubt on the veracity of Ms. Thompson's testimony. As such, the court held Petitioner's ineffective assistance of counsel claim failed as he was unable to prove all three prongs required.

## III. Conclusion

For the above reasons, Petitioner's claims fail. After an evidentiary hearing and an exhaustive review of the record, this court determined trial counsel had a reasonable basis for not calling character witnesses and not requesting a corrupt source jury instruction. As counsel acted with a reasonable basis, a finding of ineffective assistance of counsel was not warranted. This court's ruling should stand.

BY THE COURT:

_____
LEON W. TUCKER, J. / AL

8

# COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

## CRIMINAL TRIAL DIVISION

**COMMONWEALTH v. JALIL PRATT**          **CP-51-CR-0011453-2007**

1925(a) Opinion

### PROOF OF SERVICE

      I hereby certify that I am this day serving the foregoing Court Order upon the person(s) and in the manner indicated below, which service satisfies the requirements of PA.R.CRIM.P. 114:

*Attorney for Appellant:*      Gary Server, Esquire
                               52103 Delaire Landing
                               Philadelphia, PA 19114

*Type of Service:*      ( ) Personal  ( X ) First Class Mail ( ) Certified

*District Attorney:*      Hugh J. Burns, Jr., Esquire
                               Appeals Unit, District Attorney's Office
                               Widener Building
                               3 South Penn Square
                               Philadelphia, PA  19107

*Type of Service:*      ( ) Personal  ( X ) First Class Mail ( ) Other, please specify

**Dated:** 11/4/16

_Aleisha Fulmin_

**Law Clerk's Signature**

9