J-S13021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LEE KEMBERLING | : | |
| | : | |
| Appellant | : | No. 1898 MDA 2019 |

Appeal from the PCRA Order Entered October 16, 2019
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000263-2015

BEFORE: STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 13, 2020**

Appellant, Anthony Lee Kemberling, appeals from the Order entered October 16, 2019, denying his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In February 2016, a jury convicted Appellant of Rape of a child less than thirteen years of age, as well as several related crimes.[1] Thereafter, the trial court imposed a sentence of thirty to sixty years of incarceration. Appellant timely appealed from the Judgment of Sentence; this Court affirmed, and the Pennsylvania Supreme Court denied further review. ***See Commonwealth v.***

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. § 3121(c). The jury also convicted Appellant of Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault, Endangering Welfare of Children, and Corruption of Minors. ***See*** 18 Pa.C.S. §§ 3123(b), 3125(a)(7), 3126(a)(7), 4304(a)(1), and 6301(a)(1)(i), respectively.

*Kemberling*, 2087 MDA 2016, unpublished memorandum, (Pa. Super. filed Oct. 26, 2017), *appeal denied*, 184 A.3d 940 (Pa. 2018).

In March 2019, Appellant timely and *pro se* filed a Petition seeking collateral relief. The PCRA court appointed counsel, who thereafter filed an Amended Petition and a Supplemental Amended Petition. Appellant claimed that trial counsel was ineffective because he had failed to request and interview any character witnesses to testify on Appellant's behalf. Supplemental Amended Petition, 5/9/19.

In July 2019, the PCRA court held an evidentiary hearing. Appellant testified that trial counsel never discussed the possibility of securing character witness testimony for his trial but that numerous people would have been willing to testify on his behalf, if only counsel had sought their testimony. N.T. PCRA, 7/29/19, at 6-8.

In support of this assertion, Appellant presented testimony from three family members, who confirmed their willingness to testify on Appellant's behalf. *Id.* at 13, 17, 21. Appellant's younger brother, Alan Kemberling, testified that Appellant was "stable", had lived in Lebanon most of his adult life, and worked long hours. *Id.* at 13-15. Alan Kemberling testified further that he had never observed Appellant behave inappropriately around children. *Id.* at 14-15.

Appellant's older brother, Edward Kemberling, testified that he did not see Appellant often and rarely spoke to Appellant on the phone. *Id.* at 16-17. When asked regarding Appellant's reputation in the community, Edward

Kemberling responded that Appellant was a chef and was "cool." *Id.* at 18. He also testified that he had never observed Appellant act inappropriately around children. *Id.*

Appellant's aunt, Barbara Ney, testified that she would see Appellant only "every couple months" because she did not live in the same town. *Id.* at 21. Nevertheless, she suggested that Appellant was a good role model for young people in the community because Appellant enjoyed karate. *Id.* at 21-22. She, too, testified to her personal observations of Appellant's interactions with children, asserting that she never saw cause for concern. *Id.* at 22.

Appellant's trial counsel, Nicholas Sidelnick, Esq., disputed Appellant's account, testifying that he had secured a list of potential witnesses from Appellant for trial. *Id.* at 24. According to trial counsel, no non-family members were willing to testify for Appellant. *Id.* at 30. Further, counsel testified that he interviewed Appellant's older brother just prior to trial but determined that his testimony would not prove useful. *Id.* at 25-26.

The PCRA court denied relief. Trial Ct. Order, 10/16/19. In an Opinion explaining its decision, the court reasoned that Appellant's relatives did not present admissible character evidence. Trial Ct. Op., 10/16/19, at 7-8. Thus, the PCRA court concluded, their absence from trial did not prejudice Appellant. *Id.* at 8.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. Upon review, the PCRA court determined that its prior Opinion addressed Appellant's asserted claim of error. Trial Ct. Order, 12/9/19.

Appellant raises the following issue on appeal:

Whether . . . Appellant was denied his constitutionally guaranteed right to effective representation when [t]rial [c]ounsel failed to request and interview any character witnesses to testify on Appellant's behalf regarding his character and positive reputation in the community[.]

Appellant's Br. at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. **Commonwealth v. Jarosz**, 152 A.3d 344, 350 (Pa. Super. 2016) (citing **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014)).

Appellant contends that trial counsel was ineffective. We presume counsel is effective. **Commonwealth v. Cox**, 983 A.2d 666, 678 (Pa. 2009). To overcome this presumption, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. **Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015). In order to establish prejudice, a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different." **Commonwealth v. Koehler**, 36 A.3d 121, 132 (Pa. 2012). A claim will be denied if the petitioner fails to meet any one of these prongs. **See Jarosz**, 152 A.3d at 350 (citing **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009)).

According to Appellant, trial counsel was ineffective because he failed to secure testimony from character witnesses willing to testify on Appellant's behalf. *See* Appellant's Br. at 7. In support of this assertion, Appellant points to the testimony adduced from three family members who appeared at his PCRA hearing. *See id.* at 8. Appellant does not discuss their testimony in detail, but he suggests that these witnesses could have provided the jury with a more accurate assessment of his "work ethic, role in the community[,] and mannerisms around minors." *Id.* at 10.

We have reviewed the testimony of Appellant's relatives. For the following reasons, we agree with the trial court that this testimony did not constitute proper character evidence and that its absence from Appellant's trial, therefore, did not prejudice him. *See* Trial Ct. Op., 10/16/19, at 7-8.

Generally, evidence of a person's character is not admissible to prove that the individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a)(1). However, a criminal defendant may offer evidence of his character traits that are pertinent to the crimes charged. Pa.R.E. 404(a)(2).

> Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. . . . Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Goodmond*, 190 A.3d 1197, 1201-02 (Pa. Super. 2018) (citations and emphasis omitted).

Where the crimes charged involve sexual violence, "evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order." *Commonwealth v. Lauro*, 819 A.2d 100, 109 (Pa. Super. 2003) (citation omitted).

There is no rule precluding relatives of a criminal defendant from providing character evidence. However, evidence of relatives' personal observations or experience with the defendant does not constitute proper character testimony. *Commonwealth v. Van Horn*, 797 A.2d 983, 988 (Pa. Super. 2002); *see also Commonwealth v. Medina*, 209 A.3d 992, 998 (Pa. Super. 2019) ("[O]nly reputation evidence may be used to prove character, not the individual's opinion of the [a]ppellant's character."); Pa.R.E. 405(a).

Appellant faced charges of sexual violence. However, the character evidence proffered by Appellant did not address his general reputation in the community for non-violence or chastity, character traits pertinent to the crimes charged. Rather, for example, Appellant's brothers both testified to his strong work ethic. *See* N.T. PCRA at 13-15, 16-18. Thus, the PCRA court was correct to reject this testimony. *Goodmond*, *supra*; *Lauro*, *supra*.

Appellant's relatives also testified that they never observed Appellant behave inappropriately around children. *See* N.T. PCRA at 14-15, 18, 22.

However, while such evidence may imply the relevant trait of good moral character, **see Lauro**, 819 A.2d at 109, his relatives were unable to testify to his reputation in the community as required. **Goodmond**, **supra**. Indeed, as noted by the PCRA court, Appellant's aunt did not even reside in Appellant's community. **See** N.T. PCRA at 21, 23. Their personal observations or opinions of Appellant do not constitute proper character evidence. **Van Horn**, **supra**.

Appellant failed to proffer proper character evidence and, therefore, could not establish that his counsel's decision to forgo introducing the testimony of his relatives in any way prejudiced him at trial. **Treiber**, **supra**. Thus, we discern no error in the PCRA court's decision to deny Appellant collateral relief. **Jarosz**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>04/13/2020</u>